ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ROLAND CHANG (CABN 271511)
Assistant United States Attorney

> 450 Golden Gate Avenue, Box 36055
> San Francisco, California 94102-3495
> Telephone: (415) 436-7108
> Fax: (415) 436-7027
> Roland.Chang@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> KEON NUNNELLY, <br><br> Defendant. | CASE NO. CR24-00119 VC (Indictment) <br> CASE NO. 24-MJ-70292 MAG (Form 12) <br><br> **MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION FOR DETENTION** <br><br> Date:   March 7, 2024 <br> Time:  10:30 a.m. <br> Court: Hon. Laurel Beeler |

### I.      INTRODUCTION

On December 7, 2023, United States Probation ("Probation") filed a Petition For Warrant or Summons For Person Under Supervision (the "Form 12 Petition") against Keon Nunnelly, a convicted felon and registered sex offender, alleging two violations of his federal supervised release.[1]  Probation recommended that the Court "***detain[] [Nunnelly] throughout all Court proceedings***" because of his "extensive criminal history which includes possession of firearms, sex trafficking, and the serious nature

---

[1] Probation transferred supervision from the Eastern District of California to the Northern District of California pursuant to Nunnelly's request, as he wanted to reside in the San Francisco Bay Area after release.  Alex Gerstel, U.S. Probation Officer Specialist, has been supervising Nunnelly.  Probation has not yet formally transferred jurisdiction for Nunnelly's supervision because he expressed a desire to return to the Eastern District of California at some point.

of the [charged] conduct . . ." Specifically, Probation concluded that "he is considered a danger to the community." Separately, on February 27, 2024, a grand jury in the Northern District of California returned a one-count indictment charging Nunnelly with being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1).

On December 7, 2023, the San Francisco Police Department ("SFPD") arrested Nunnelly after he pulled out a firearm and shot at a male victim.[2] SFPD seized a loaded ammunition magazine and firearm from Nunnelly's possession. SFPD's Criminalistics Laboratory ("Crime Lab") conducted DNA testing and concluded there was "very strong support" that Nunnelly's DNA was on the Glock magazine and grip and trigger swabs. On the Glock magazine, the likelihood of the DNA originating from Nunnelly is at least 127 octillion times greater than from a random, unrelated person. On the grip and trigger swabs, the likelihood ratio for Nunnelly's DNA was 5.92 quintillion. Nunnelly admitted in post-*Mirandized* statements that he possessed the gun and discharged it at another individual.

The charged offense is not Nunnelly's first time illegally possessing and firing a firearm. In 2004, he was convicted for assault with a firearm on a person, for which he received a three-year sentence. There, a 19-year-old male victim got into an argument with Nunnelly and his brother, who both attempted to assault the victim while he was sitting in his vehicle. The victim drove away, but not before Nunnelly fired a gun at the retreating vehicle.

In addition, Nunnelly has a prior federal conviction under 18 U.S.C. § 1591(a)(1), Sex Trafficking of a Minor, or by Force, Fraud, and Coercion, for which he received a 125-month sentence. Nunnelly knowingly engaged in the sex trafficking of a minor female victim (whom he also dated) over a significant period and throughout the State of California, with text messages, emails, and other evidence showing that Nunnelly led and profited from this illegal scheme. Nunnelly has a long history of trafficking minor prostitutes. In 2009, he was convicted for contributing to the delinquency of a minor and transportation of a controlled substance, receiving a two-year prison sentence. Law enforcement arrested Nunnelly after a vehicle stop in which he had three female passengers, including

---

[2] The San Francisco District Attorney's Office dismissed the state charges after this case was filed due to federal adoption of the case.

two minor victims, in his car. All three women admitted to prostituting, and one of the minor female victims admitted she gave Nunnelly half of her income from prostituting.

The government agrees with Probation's recommendation that the Court should detain Nunnelly during all Court proceedings for the Form 12 Petition, and similarly requests detention for all proceedings prior to trial for the charged indictment based on Nunnelly's "extensive criminal history" and "danger to the community." Here, Nunnelly bears the burden of establishing by clear and convincing evidence that he "will not flee or pose a danger to any other person or to the community." He fails to meet that burden.

## II. FACTUAL BACKGROUND

### A. Nunnelly's Extensive Criminal History, Including Illegal Possession of Firearms and Sex Trafficking of Minors

For nearly two decades, Nunnelly has accumulated a series of federal and state felony convictions. On March 13, 2003, Nunnelly received a felony conviction for possession of a controlled substance;[3] the court sentenced him to 5 years' probation. On September 17, 2003, his probation was modified, and he received a custodial sentence of 90 days in jail.

This is not Nunnelly's first time firing a gun at a victim. On August 6, 2004, Nunnelly received a felony conviction of three years in prison for assault with a firearm on a person. There, a 19 year-old male victim got into an argument with Nunnelly and his brother, both of whom tried to assault the victim while he was in his vehicle. The victim drove away, but not before Nunnelly fired a gun at the retreating vehicle. Nunnelly then called the victim's mother and threatened her and her family if she called the police. During Nunnelly's parole grant for this conviction, he was returned to custody for violations no less than five times in 2008.[4]

In 2009, Nunnelly received two more convictions—one felony conviction for sale and furnishing of a controlled substance[5] and a misdemeanor conviction for contribution to the delinquency of a

---

[3] This conviction was reduced to a misdemeanor on May 10, 2019 due to changes in California state law.

[4] Nunnelly has no less than twelve (12) violations of parole and/or probation conditions in his criminal history.

[5] This conviction was reduced to a misdemeanor on June 30, 2022 due to changes in California

minor—for which he received a two-year prison sentence.  The police arrested Nunnelly after a vehicle stop in which he had three female passengers, including two minor female victims, in his car.  All the women eventually admitted to prostituting that evening, and one of the minor victims admitted that she gave Nunnelly half of her income from prostituting.

On July 4, 2011, Nunnelly obtained two misdemeanor convictions for false imprisonment and threatening crime with intent to terrorize, for which he received 3 years' probation and 150 days in jail.  According to witnesses, Nunnelly punched a female victim several times in the stomach and yelled at her: "I will fuck you and your [one-year-old] daughter up.  You don't know me!"  When deputies entered the house, they saw Nunnelly standing next to a bed with the victim curled up in a fetal position and crying.  Deputies had to pull Nunnelly away from the victim after he failed to follow instructions.

On July 8, 2015, Nunnelly was convicted in the Eastern District of California under 18 U.S.C. § 1591(a)(1), Sex Trafficking of a Minor, or by Force, Fraud, and Coercion, for which he received a 125-month prison sentence and 120 months of supervised release.  Nunnelly knowingly sex trafficked a minor female victim (whom he also dated) for prostitution on multiple occasions throughout the State of California and over a lengthy period, with significant evidence showing that Nunnelly led, directed, and profited from this scheme.  Nunnelly is currently on federal supervised release for this conviction.

**B.  The Charged Offense is Consistent with Nunnelly's Criminal History**

On December 7, 2023, at approximately 3:44 am, a male victim ran up to two SFPD officers, stated "he had been shot at", and continued running southbound towards Mission Street.  SFPD chased after the victim into the Baldwin Hotel.  The victim stopped at the top of an interior staircase and stated that he had been shot at by an employee of 5 Keys, the organization that staffed the hotel.  Another 5 Keys employee stated that a colleague he knew as "Keon" had just run into downstairs area of the hotel.

SFPD made numerous callouts at the top of the staircase for "Keon" and Nunnelly walked up the stairs, stating "he just shot at me bro".  At this point, SFPD detained both Nunnelly and the victim.  The Baldwin Hotel's site supervisor gave SFPD permission to search the hotel's downstairs area for the missing firearm.  The supervisor also went downstairs and spoke with 5 Keys employees and building

state law.

clients, who told the supervisor that Nunnelly had run downstairs into the kitchen area. SFPD searched the food storage area downstairs and seized a black 9mm semi-automatic handgun with no serial number containing multiple rounds of ammunition inside a brown cardboard box (photos below).

 

Around the same time, SFPD officers *Mirandized* and interviewed Nunnelly and the victim, who both stated that the two of them had gotten into a verbal argument; Nunnelly initially claimed he did not see a firearm. According to the victim, he was arguing with Nunnelly in the Baldwin Hotel's front lobby. Nunnelly then walked out of the hotel and southbound towards Mission Street. The victim followed Nunnelly, and as Nunnelly reached the corner of 6th and Mission Street, he turned and faced the victim, who was approximately 20 feet away. Nunnelly then said, "You don't know me []", pulled a black semi-automatic gun from his front waistband, pointed it at the victim, and fired. The round did not strike the victim. SFPD located and seized one fired 9mm cartridge casing on the sidewalk near the Baldwin Hotel. Based on the evidence, SFPD arrested Nunnelly and discharged the victim. During transport to the booking station, Nunnelly admitted to SFPD that he possessed the firearm for protection and stated that he accidentally discharged the firearm during an argument with the victim.

Subsequent SFPD Crime Lab reports showed "very strong support" that DNA on the Glock

magazine "originated from" Nunnelly, *i.e.*, the likelihood of obtaining these DNA results from Nunnelly is 127 octillion times greater than from a random, unrelated person. On the grip and trigger swabs, the likelihood ratio was 5.92 quintillion. The San Francisco District Attorney's Office charged Nunnelly with several state offenses, including being a felon in possession of a firearm. It dismissed these charges after federal adoption of this case. On February 27, 2024, a grand jury in the Northern District of California returned a one-count indictment charging Nunnelly with being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1).

### C. The Form 12 Petition

On December 7, 2023, Probation submitted the Form 12 Petition against Nunnelly for two supervised release violations: (1) mandatory condition to not commit another federal, state or local crime; and (2) mandatory condition to not possess a firearm, ammunition, destructive device, or any other dangerous weapon. Charge 1 alleges that Nunnelly was arrested by SFPD on December 7, 2023 and charged with aggravated assault with a gun, carrying a loaded firearm, carrying a concealed firearm, felon in possession of a firearm, felon in possession of a firearm with priors, negligent discharge of a firearm, felon in possession of ammunition and possession of a large capacity magazine. Charge 2 alleges the same arrest and charges of felon in possession of a firearm, felon in possession of ammunition, along with numerous other gun related charges.

## III. LEGAL STANDARD

### A. Defendant Bears the Burden on Detention for Supervised Release Violations

Under 18 U.S.C. § 3143(a)(1), a defendant who violates supervised release conditions must "be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community." 18 U.S.C. § 3143(a)(1). "The burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person." Fed. R. Crim. P. 32.1(a)(6).

### B. The Bail Reform Act

Under the Bail Reform Act of 1984, the Court must detain a defendant before trial without bail where "no condition or combination of conditions will reasonably assure the appearance of the person as

required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Detention is appropriate where a defendant is either a danger to the community or a flight risk—the government need not prove that both factors are present. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). A finding that a defendant is a danger to the community must be supported by clear and convincing evidence, but a finding that a defendant is a flight risk need only be supported by a preponderance of the evidence. *Id.*

"[T]he Bail Reform Act mandates an individualized evaluation guided by the factors articulated in [18 U.S.C.] § 3142(g)." *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019). Those factors are: (i) the nature and circumstances of the offense charged; (ii) the weight of the evidence against the defendant; (iii) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether the crime was committed while the defendant was on probation or parole; and (iv) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

The rules of evidence do not apply at a detention hearing. 18 U.S.C. § 3142(f)(2)(B). It is well-settled that at a detention hearing, the government may present evidence by way of an evidentiary proffer sufficient to make the court aware of the defendant's role in the offense, the weight of the evidence against the defendant, and other relevant factors. *See, e.g.*, *United States v. Salerno*, 481 U.S. 739, 743 (1987).

## IV.    ARGUMENT

### A.    Nunnelly Cannot Establish by Clear and Convincing Evidence That He is Not a Danger to the Community

#### 1.    <u>The Nature and Circumstances of the Offense Demonstrate That Nunnelly is a Danger to the Community</u>

At his arrest, Nunnelly, a convicted felon and registered sex offender, possessed a loaded semi-automatic firearm with nine rounds of ammunition. Not only did he possess a loaded gun, Nunnelly pulled out the firearm, pointed it at a victim, and fired it. These facts alone are sufficient to find that

Nunnelly poses a danger to the community. *See, e.g.*, *United States v. Brewer*, 2013 WL 791312, at *2 (N.D. Cal. 2013) (carrying loaded firearm weighed in favor of detention because it "indicate[d] that [the defendant] may be violent and pose a danger to the community"). The danger posed by firearms offenses, including those under 18 U.S.C. § 922, is well established. *See United States v. Torres*, 911 F.3d 1253, 1264 (9th Cir. 2019) (Congress passed § 922(g) to "disarm groups whose members Congress believes are unable or unwilling to conduct themselves in conformity with the responsibilities of citizenship.") (citation omitted).

        2.      <u>Nunnelly's History and Characteristics Support That He is a Danger to the Community</u>

Nunnelly's extensive criminal history further establishes his danger to the community.[6] As concluded by Probation, that history includes "possession of firearms" and "sex trafficking", which all supports Nunnelly being "considered a danger to the community[]" and "detain[ing] him throughout all Court proceedings." The government agrees. On at least two occasions, including the charged offense, Nunnelly illegally possessed a firearm and shot at a victim after an argument. When he fired at someone in 2004, he was convicted for assault with a firearm and received three years in state prison. Indeed, this was not Nunnelly's only conviction for violent behavior. For his 2011 convictions, he punched a female victim several times in her stomach and yelled "You don't know me!" (*i.e.*, the same statement made to the victim in the charged offense), and that he would "fuck [the victim and her one-year-old] daughter up", before law enforcement interceded.

Moreover, Nunnelly has two convictions for sex trafficking minor female victims, including a federal conviction under 18 U.S.C. § 1591(a)(1) for which he served a 125-month sentence. The facts supporting that conviction are significant and concerning, as Nunnelly directed and led an illegal scheme where he knowingly recruited, enticed, and transported a minor female victim for the purpose of commercial sex acts throughout the State of California and on multiple occasions. In 2009, Nunnelly received another conviction when he was arrested in a car with three female passengers, including two minors, all of whom admitted to prostituting. One of the minors also admitted that she provided half of

---

[6] The same facts stated herein support "the nature and seriousness of the danger to any person or the community . . . posed by" Nunnelly's release. *See* 18 U.S.C. 3142 §(g)(4).

her prostitution income to Nunnelly.

Finally, the weight of the evidence against Nunnelly is strong. *See* 18 U.S.C. § 3142(g)(2). "Very strong" DNA evidence connects Nunnelly with the specific ammunition and firearm. Nunnelly made post-*Mirandized* statements admitting possession and discharge of the firearm. Other witnesses observed Nunnelly running into the area where SFPD located and seized the ammunition and firearm.

### B. Nunnelly Cannot Establish by Clear and Convincing Evidence that He is Not a Flight Risk Because of His Past Conduct and Charged Offense

Separately, Nunnelly is a flight risk because: (i) he has a lengthy history of ignoring conditions of release; and (ii) there is a reasonable probability of conviction. Nunnelly has consistently failed to comply with conditions of release upon release from custody. *See United States v. Santos-Flores,* 794 F.3d 1088, 1092 (9th Cir. 2015) (prior violation of supervised release terms supported defendant's status as flight risk). Nunnelly was on federal supervised release when arrested for the charged offense. Despite knowing he could not possess any firearm or ammunition, Nunnelly had a semi-automatic firearm with an extended magazine loaded with nine rounds of ammunition. He not only illegally possessed the gun but pulled it out and fired it at a victim, which is at least the second time he has shot at a victim with a gun. In addition, Nunnelly has no less than *twelve* separate violations of probation and/or parole conditions in his criminal history. In short, Nunnelly has repeatedly shown he will not respect conditions ordered by the court, and detention is necessary to ensure his appearance at future proceedings and trial.

Nunnelly is also a significant flight risk because there is a reasonable likelihood of conviction. *See United States v. Gebro*, 948 F.2d 1118, 1122 (9th Cir. 1991) (strong evidence of guilt "makes it more likely that he will flee"). Given the evidence described herein and Nunnelly's extensive criminal history, there is a reasonable likelihood that Nunnelly will face a significant term of imprisonment, which presents him with a strong incentive to flee.

### V. CONCLUSION

For the foregoing reasons, Nunnelly cannot overcome his burden of establishing by clear and convincing evidence that he does not pose a danger to the community or that he will not fee.

Accordingly, the Court should order Nunnelly detained pending resolution of all proceedings in the Form 12 Petition and charged indictment.

DATED: March 5, 2024

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

*/s/ Roland Chang*
ROLAND CHANG
Assistant United States Attorney